JESSEE KERR *v.* BILLINGSLY AND WITTEN.

**SEALED INSTRUMENT.**—*Authority to Execute.*

A sealed instrument, though negotiable,. executed by an agent having merely parol authority, will not bind the principal.

This was an action in the Circuit Court of Roane County brought by the plaintiff against the defendants, upon a sealed instrument originally executed for the sum of Eight Hundred and———Dollars. Afterwards, without the knowledge of the plaintiff, and in the absence of the defendants, the blank was filled with the words "Eighty Four," by an agent of the defendants, having merely a parol authority to do so. Each of the defendants demurred and filed a special plea of *non est factum*, upon which the Circuit Court held the writing void, and gave judgment for the defendants, Billingsly and Witten, and the plaintiff appealed in error to this Court.

REESE, J.:

This case falls within the principle of Smith et al. *v.* Dickinson, 6 Humphreys 261, and Turbeville *v.* Ryan, 1 Humphreys 113. Before the plaintiff can make the defendants liable, he must show that the agent had authority by deed to fill the blank in the instrument. The fact that this is by statute a negotiable instrument, does not put it upon the footing of negotiable instruments with respect to the authority to execute. (1)

*Judgment affirmed.*

(1) Nunnelly v. Doherty, 1 Yerg. 26-33 ; Blackburn v. McAllister, Peck, 371; Harris v. Miller, Miegs, 158–161; Napier v. Catron, 2 Humph. 536; Boyd v. Dodson, 5 Humph. 37. But this rule cannot in the nature of things apply to corporations. Hopkins v. GallatinTurnpike Co., 4 Humph. 403—411 ; Union Bank v. United States Bank, 4 Humph. 369-370.