Okey, J.
Two of the questions presented for our consideration in this case are deemed of sufficient importance to call for a report.
1. The indictment charges that the party injured, the railway company, is a body corporate. No direct proof of the allegation was offered. But this was unnecessary. Burke v. State, 34 Ohio St. 79. And see State v. Balt. & O. R. Co., 15 W. Va. 363; State v. Thompson, 23 Kansas, 888; Wharton Cr. Ev. (8 ed.) § 102 a.
2. Evidence was offered tending to show that Murphy and Morrow committed the larceny on the night of March 24, at Xenia, and afterward, unknown to the employees of the company, came to Columhus. in Franklin county, the next day, concealed in a freight train of the company. When the train reached Columbus, Bryant, the conductor, looked out of the caboose window and saw them. They had just got out of a car. When they saw the conductor watching them they started to run in different directions. The conductor ran after and caught Morrow, and a brakesman, Tamplin, followed Murphy, and after running after him about two squares overtook him. The defendants were immediately brought together. Morrow said: “ If you let us go we will get clear and will never foi’get you; but if you don’t, we will be sent to the penitentiary for seven or eight years.” Morrow added: “We did not get the goods out of this train.” The conductor said: “ Yon got them out of some cars I left on the way at Morrow- *630 town.” Morrow replied: “We did not; we got them out of some ears at Nenia.” Murphy was present at all this conversation, but said nothing. TIis counsel objected to the declarations of Morrow, but the coart overruled the objection and he excepted.
Immediately after Morro'w had made the above declarations,. the conductor called a policeman, Shannon, who took the defendants into custody. Morrow said to the policeman, in the presence of Murphy, that the clothes had been given to them in Columbus. Murphy said nothing, but on the trial he objected to the admission of the declaration of Morrow, and the court having overruled the objection, he excepted. It appears that the declarations of Morrow to the conductor and to the policeman were entirely voluntary.
At the time these declarations were made, Morrow had on his person two pair of pantaloons, three vests and two coats, and Murphy had on his person two vests, three coats, two pair of pantaloons, and two j>air of stockings. The evidence tended to show that this was the clothing stolen; and it is contended on behalf of the state, and, speaking for myself alone, the position seems to be warranted, that at the time of their arrest the defendants were endeavoring to reach a harbor where they could find shelter for themselves and the stolen goods.
We are all of opinion that the declarations of Morrow were properly admitted as evidence on the trial of Murphy. I would have preferred that their admissibility should have been placed on the peculiar circumstances of the case, to which reference lias been made, as I doubt whether, as a general rule, one who is under arrest can legally be regarded as called upon to reply to the statements of another touching liis guilt. 1 Greenl. Ev. (13 ed.) § 199, note; Whart. Cr. Ev. (8 ed.) §§ 680, 698; 1 Bishop Cr. Pro. (3 ed.) § 1254, note; Fouts v. State, 7 Ohio St. 471; Commonwealth v. McDermott, 123 Mass. 440. But the other members of the court are of opinion, without regard to the question whether the accused persons, when arrested, were endeavoring to reach a place of safety for themselves and the goods, that; where two persons charged with a larceny, having the stolen property in their possession, are *631 taken into custody by a police officer, the declarations of one of them, assuming to speak for and implicating both, made to the officer in the presence and hearing of the other person charged, who remained silent, are competent evidence for the state on the separate trial of the latter. Among the cases sustaining that view is Kelley v. The People, 55 N. Y. 565.
We find no error in the record.

Motion overruled.