PETER E. LE FEVRE, as Executor, etc., Respondent, v. ELIZA P. TOOLE, Appellant, et. al., Respondents.

The will of T., after directing the payment of his debts and funeral expenses and after giving a series of legacies, gave the residue of his estate, real and personal, to his wife. Then followed this clause: " and I authorize my executors after paying my just debts and funeral expen-

ses to pay over to my wife $5,000 in cash out of the bequeath to her and before any of the other bequeaths are paid off." The executors were authorized and directed to sell and dispose of all of the real and personal estate, with power to reserve certain parcels of real estate until prices specified could be obtained therefor. In an action to obtain a construction of the will, *held*, that the intent of the testator was to charge the payment of the legacies upon the real estate; also that the gift to the wife was in lieu of dower.

(Argued January 21, 1881 ; decided February 8, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made December 10, 1880, affirming a judgment entered upon the decision of the court on trial at Special Term.

This action was brought by plaintiffs, as executors of the will of William S. Toole, to obtain a construction of said will. The body of the will is as follows :

" After the payment of all my just debts and funeral expenses, I give and bequeath to my sister Jane the annual interest on the sum of $12,000 during her life-time, my executors or executor to invest that amount, and the interest therein applied for her support during life.

" I give and bequeath to my brother-in-law, Benjamin D. Le Fevre, the sum of $7,000.

" I give and bequeath to my niece, Susannah Conway, the sum of $2,500.

" I give and bequeath to my niece, Elizabeth McCarty, of Syracuse, State of New York, the sum of $3,000, and I give and bequeath to my nieces, Mary and Caroline Sherman, the sum of $1,000 each.

" And I give and bequeath to my niece, Emma Daly, the sum of $2,000 ; and I give and bequeath to Maggie, adopted daughter of Benjamin De Le Fevre, the sum of $1,000.

" And I give and bequeath to Alice, daughter of Captain Peter E. Le Fevre, the sum of $1,000 ; and I give and bequeath to Louisa, daughter of the late Joseph Fowler, of Port Chester, and now wife of David Williams, of Brooklyn, the sum of $1,000.

"And I give and bequeath to the corporation of Trinity church, New Rochelle, the sum of $2,000, to be appropriated alone toward paying off the debt of said church. And I give and bequeath to A. La Fabrique, now in my employ, the sum of $500.

"And I give and bequeath to Edward Barrett, now in my employ, the sum of $250. And I give and bequeath to my wife Eliza Priscilla all the rest and residue of my real and personal estate; and including the amount which is reserved for my sister Jane's support during life, and which amount, after the death of said sister, is for my wife or her heirs.

"And I authorize my executors, after paying my just debts and funeral expenses, to pay over to my wife the sum of $5,000 in cash out of the bequeath to her, and before any of the other bequeaths are paid off.

"And I do hereby appoint my brother-in-law, Benjamin D. Le Fevre, and Captain Peter E. Le Fevre, both of New Rochelle, Westchester county, to be the executors of this my last will and testament, and in case either of them should decline, then I appoint Dr. John Conway, of the city of New York, in their place to carry this will into execution, and do hereby request and empower them, or whichever of them shall assume the execution of this my last will, to proceed and dispose of all my real and personal estate, which is situate in New Rochelle and Mamaroneck, Westchester county and State of New York, and in Newark, State of New Jersey, and in Barry and Clinton counties, State of Michigan; and I authorize my executors to reserve the property on which I reside until such time as it can be sold for not less than $30,000 in cash, or its equivalent. And also the property in Huguenot Park and town of Mamaroneck, at from $12,000 to $15,000 each. And request my executors, or whichever shall assume the execution of this my will, to proceed with due diligence in realizing my personal estate, as well as the real estate, with the exceptions named. And give them power to sell and convey my real estate and give good and sufficient deeds therefor."

The court found the value of the testator's personal estate at his death to be $20,000, and that he did not at the date of the will possess sufficient personal estate to pay his debts and the legacies.

*S. F. Cowdrey* for appellant. Lands devised by a will are not charged with the payment of legacies, unless there is either an express intent to charge them, or unless the intent to charge them can be fairly and satisfactorily inferred. (2 Jarman on Wills, 564, 575; 2 Redfield on Wills, 207, 208; Willard's Eq. Jur. 489; *Lupton* v. *Lupton,* 2 Johns. Ch. 614; *McKay* v. *Green,* 3 id. 56; *Harris* v. *Fly,* 7 Paige, 425; *Myers* v. *Eddy,* 47 Barb. 262; *Hoes* v. *Van Hosen,* 1 N. Y. 120; *Kelsey* v. *Watson,* 2 id. 500; *Kinnier* v. *Rogers,* 42 id. 534; *Bevan* v. *Cooper,* 72 id. 322.) The controlling circumstance, as indicating what the testator intended, is the fact that at the time of making his will he was possessed of personal property more than sufficient to pay all his legacies. (*Dubois* v. *Ray,* 35 N. Y. 167, 171, 175; Jarman on Wills, 365; *Myers* v. *Eddy,* 47 Barb. 266–275.) Technical rules must yield to manifest intention in construing a will. (Willard's Eq. Jur. 491; *Gardner* v. *Gardner,* 6 Paige, 455; *Dekay* v. *Irving,* 5 Den. 646; *Lytle* v. *Beveridge,* 58 id. 592; 4 Kent's Comm. 535 and note b, citing Ram. on Exp. of Wills; Williams on Ex'rs, 971.) The devise of the residuary estate by the testator to his wife does not, either technically or otherwise, create a charge of the legacies on the real estate. (2 Jarman on Wills, 564, 575; 2 Redfield on Wills, 207, 208; Willard's Eq. Jur. 489; *Lupton* v. *Lupton,* 2 Johns. Ch. 614; *McKay* v. *Green,* 3 id. 56; *Harris* v. *Fly,* 7 Paige, 425; *Myers* v. *Eddy,* 47 Barb. 252; *Hoes* v. *Van Hosen,* 1 N. Y. 120; *Kelsey* v. *Watson,* 2 id. 500; *Kinnier* v. *Rogers,* 42 id. 534; *Bevan* v. *Cooper,* 72 id. 322; *S. C.,* 7 Hun, 121; *Wright* v. *Dean,* 10 Wheat. 81; *Goddard* v. *Pomeroy,* 36 Barb. 546; *Schulters* v. *Johnson,* 38 id. 80; *Babcock* v. *Stoddard,* 3 S. C. 207; *Spillman* v. *Duryea,* 51 How. Pr. 260; *Weld* v. *Strong,* 54 id. 133; *Reynolds* v. *Reynolds,* 16 N. Y. 257.) The power

of sale does not supply the defect. The power is invalid. (*McCarty* v. *Terry*, 7 Lans. 238; *Moncrief* v. *Ross*, 50 N. Y. 431; *Gourly* v. *Campbell*, 60 id. 173; *Fisher* v. *Banta*, id. 476; *Vernon* v. *Vernon*, 53 id. 358; *Hamilton* v. *N. Y. St. Ex. Build. Co.*, 20 Hun, 89; *Crittenden* v. *Fairchild*, 41 N. Y. 291; *Kinnier* v. *Rogers*, 42 id. 533.) There has been no equitable conversion of the real estate. (1 Jarman on Wills, 560; *Wright* v. *Trustees Meth. Epis. Ch.*, Hoffman's Ch. 202, 219; *White* v. *Howard*, 46 N. Y. 144, 162; *McCarty* v. *Deming*, 4 Lans. 440; *Vernon* v. *Vernon*, 53 N. Y. 351; *Fowler* v. *Depau*, 26 Barb. 224; *Martin* v. *Sherman*, 2 Sandf. Ch. 343; *Forsyth* v. *Rathbone*, 34 Barb. 405; *Johnson* v. *Bennett*, 39 id. 237; *Irish* v. *Husted*, id. 411; *Harris* v. *Clark*, 7 N. Y. 242; *Dodge* v. *Pond*, 23 id. 69; *Horton* v. *McCoy*, 47 id. 25; *Power* v. *Cassidy*, 79 id. 613; *Dominick* v. *Michael*, 4 Sandf. 374; *Wright* v. *Methodist Epis. Ch.*, *supra*, 48; *Stagg* v. *Jackson*, 1 N. Y. 212; Story's Eq. Jur., § 793; *Milton* v. *Brigg*, L. R., 1 Ch. Div. 385; *Vernon* v. *Vernon*, *supra;* *Kane* v. *Gott*, 24 Wend. 641; *S. C.*, 7 Paige, 521; *Shotwell* v. *Mott*, 2 Sandf. Ch. 46; *Martin* v. *Sherman*, *supra; Dodge* v. *Pond*, *supra; McCarty* v. *Depau*, *supra; Power* v. *Cassidy*, *supra; Bogert* v. *Hertell*, 4 Hill, 500; *Murray* v. *Murray*, 2 Ch. Dec. 23; *Hawley* v. *James*, 5 Paige, 444; *Wood* v. *Cone*, 7 id. 471; *Prentice* v. *Janssen*, 79 N. Y. 478; Story's Eq. Jur., § 793; Leigh & Dalgett on Eq. Con. 177 [5 Law Lib. 89]; *Hetzel* v. *Barber*, 69 N. Y. 1; 1 Jarman on Wills, 564.) The widow of the testator has not lost her right of dower. (1 R. S. 691; *Lewis* v. *Smith*, 3 N. Y. 502; *Larabee* v. *Van Alstyne*, 1 Johns. 307; *Loucks* v. *Churchill*, 7 Cow. 287; *Adsit* v. *Adsit*, 2 Johns. Ch. 448; *Smith* v. *Kniskern*, 4 id. 9; *Vernon* v. *Vernon*, 7 Lans. 492; *S. C.*, 53 N. Y. 351; *Fuller* v. *Yates*, 8 Paige, 325; *Sandford* v. *Jackson*, 10 id. 266; *Havens* v. *Havens*, 1 Sandf. Ch. 324; *Lasher* v. *Lasher*, 13 Barb. 106; *Mills* v. *Mills*, 28 id. 454; *Savage* v. *Burnham*, 17 N. Y. 561; *Tobias* v. *Ketchum*, 52 id. 319; *Sullivan* v. *Mara*, 43 Barb. 523; *Leonard* v. *Steele*, 4 id. 20; *Sandford* v.

*Sandford,* 58 N. Y. 69; *Bond* v. *McNiff,* 9 J. & S. 543; 1 Jarman on Wills, 430, 433.)

*Clarkson N. Potter* for respondents. The legacies are a charge upon the realty. (*Kalbfleisch* v. *Kalbfleisch,* 67 N. Y. 363; *Taylor* v. *Dodd,* 58 id. 343, 348; *Hoyt* v. *Hoyt,* 17 Hun, 192; *Greville* v. *Brown,* 7 H. of L. Cas. 689; *Lupton* v. *Lupton,* 2 Johns. Ch. 623; *Shusters* v. *Johnson,* 38 Barb. 80; *Reynolds* v. *Reynolds,* 16 N. Y. 257; *R. C. Church* v. *Wachter,* 42 Barb. 43; *Tracy* v. *Tracy,* 15 id. 505; *Dubois* v. *Ray,* 35 N. Y. 162, 175; *Van Winkle* v. *Van Houten,* 2 Green's Ch. 186; 2 Jarman on Wills, 742, note 10; *Horton* v. *McCoy,* 47 N. Y. 21; *Stodard* v. *Johnson,* 20 Hun, 610; *Aubrey* v. *Middleton,* 2 Eq. Abr. 497; *Hassel* v. *Hassel,* 2 Dick, 527; *Bench* v. *Biles,* 4 Madd. 187; *Cole* v. *Turner,* 4 Russ. 376; *Kidney* v. *Coussmaker,* 1 Ves. Jr. 436; *Mirehouse* v. *Scarf,* 2 My. & Cr. 695; *In re Belles' Trusts,* 5 Ch. Div. 503 [22 Eng. R., Moak's Notes, 254]; *Lewis* v. *Darling,* 16 How. [U. S.] 1; *Hassauclener* v. *Tucker,* 2 Binn. 525; *Whitman* v. *Norton,* 6 id. 395; *McLanahan* v. *Wyant,* 1 Penn. 96; *Davis' Appeal,* 83 Penn. St. 348; *Gallagher's Appeal,* 12 Wright [Penn. St.], 121; *Van Winkle* v. *Van Houten,* 2 Green's Ch. 172; *Dey* v. *Dey,* 10 N. J. Eq. 140; *Carwine* v. *Carwine,* 24 id. 579; *Lapham* v. *Clapp,* 10 R. I. 543; *Adams* v. *Brackett,* 5 Metc. 282; *Knotts* v. *Baily,* 54 Miss. 235; *Hart* v. *Williams,* 77 N. C. 426; *McLaughlin* v. *McLaughlin,* 30 Barb. 459; *R. C. Church* v. *Wachter,* 42 id. 45; *Goddard* v. *Pomeroy,* 36 id. 547; *Weld* v. *Strong,* 54 How. 133; *Stoddard* v. *Johnson,* 13 Hun, 606; *Rafferty* v. *Clark,* 1 Bradf. 473; *Shulters* v. *Johnson,* 38 Barb. 80; *Ragan* v. *Allen,* 7 Hun, 537; *Hoyt* v. *Hoyt,* 17 id. 192; *Manson* v. *Manson,* N. Y. "Daily Register," Feb. 21, 1880; *Hall* v. *Thompson,* id., Dec. 30, 1880; *Kalbfleisch* v. *Kalbfleisch,* 67 N. Y. 363; *Taylor* v. *Dodd,* 58 id. 343; *Hoyt* v. *Hoyt,* 17 Hun, 192; *Taylor et al.* v. *Dodd,* 58 N. Y. 348; Story's Eq. Jur., § 1075; Willard's Eq. Jur. 544–548.) The widow must elect either to take her dower or the provision under the will. (4 Kent's Com. 58; *Lewis* v. *Smith,*

9 N. Y. 511–512; *Herbert* v. *Wren,* 7 Branch, 370; *Savage*
v. *Burnham,* 17 N. Y. 367; *Tobias* v. *Ketchum,* 32 id. 319;
*Vernon* v. *Vernon,* 53 id. 351; 2 Story's Eq. Jur., § 1075;
Willard's Eq. Jur. 544–558; *Dodge* v. *Dodge,* 31 Barb. 413;
*Brink* v. *Layton,* 2 Redf. 79.) By the terms of the will there
was an equitable conversion of the real estate into personalty,
and this commingling of the two estates into one common
fund made the legacies payable out of the whole estate, indis-
criminately. (*Stagg* v. *Jackson,* 1 N. Y. 206; *Phelps* v.
*Pond,* 23 id. 69; *Chamberlain* v. *Chamberlain,* 43 id. 424;
*Moncrief* v. *Ross,* 50 id. 431; *Taylor* v. *Dodd,* 58 id. 335;
*Kalbfleisch* v. *Kalbfleisch,* 67 id. 354; *Graham* v. *Livingston,*
7 Hun, 11; *Brink* v. *Layton,* 2 Redf. 79; *Kearney* v. *Miss.*
*Soc. of St. Paul* "Daily Register," March 3, 1880; *Allen* v.
*Gott,* 2 Eng. ; *Hall* v. *Thompson, supra.*)

Folger, Ch. J. We think that the testator intended to charge
the payment of the legacies upon his real estate. All things
in the will combine to show that intention.

After giving direction to pay his debts and funeral expenses,
he gives a series of legacies, which are not unnatural in the
objects of them. He then authorizes his executors, after pay-
ing debts and funeral expenses, to pay a sum certain to his wife
in cash, but to pay it out of the "bequeath" to her. By that
word he means that which he has given to her in another part
of the will. That which he has thus given to her is the rest
and residue of his real and personal estate.

If the $5,000 is to be paid to her out of that gift, does it not
seem a giving twice of the same gift, and an unmeaning thing?
It would clearly seem so, but for the clause that goes with it,
that this sum of $5,000, is to be paid before any other of the
bequests are paid off.

This deferring of the other bequests until the payment of
the $5,000 has no significance unless the other bequests are to
be paid from the same fund as the $5,000 to the wife. What
is that fund? It is the rest and residue of the real and personal
estate. That rest and residue is all that the testator gave his

wife; it is only from that rest and residue that the $5,000 is to be paid. As it is to be paid therefrom before the other bequests are paid off, it cannot have been meant otherwise, but that they were to be paid therefrom also, though not until after the $5,000 were paid to the wife. The power to proceed and dispose of all the real and personal, the request to proceed with due diligence in realizing the personal as well as the real estate, and the power to sell and convey his real estate, indicate the intention of the testator that the executors should come into the possession of a fund for some purpose. It could not have been for the purpose of paying the avails of the real estate over to the widow only, for if the real estate is not charged with the payment of legacies, and is left to her unincumbered thereby, she could sell and take the avails as well as the executors could sell and pay them to her. It could not have been to raise money to pay debts, etc., for there was clearly enough personal estate for that. There is but one other purpose to be found in the circumstances of the testator and that is to raise a fund for the support of his sister, to pay the widow the $5,000 for her, and to pay off the other legacies.

We have so lately discussed this general subject in varying states of facts, and differing provisions of wills, that we need not restate principles here. (See *Taylor* v. *Dodd*, 58 N. Y. 335; *Kalbfleisch* v. *Kalbfleisch*, 67 id. 354; *Bevan* v. *Cooper*, 72 id. 638.)

There is no prohibition as is claimed upon the sale of portions of the real estate. There is a permission to reserve 'until a certain price is offered. The direction to sell is somewhat peremptory. The testator thought it needful to abate its tone. He therefore gave authority, not command or direction, to reserve portions for the offer of a price named.

The widow has not lost her right of dower in the lands, nor has it been taken away. The testator has given her what he thought would be better than, or as well as, dower. If she is not of that mind, she can reject his gift and take the dower that the law gives. The testator's evident intent was that his

gift should be in lieu of dower, if the gift was taken by his widow.

We think that the legal questions arising in the suit were well disposed of in the courts below.

The judgment should be affirmed.

All concur.

Judgment affirmed.