Beach, J.
It would be satisfactory to the court to construe this will in a way to increase the residuary estate for widow and child, whose interests are provided for in the residuary clause. To do. so, however, would substitute another’s ideas for those of the testator, as construed by frequent adjudication, and subvert legal authority often announced and impossible to weaken or avoid.
The primary fund for payment of legacies is personal estate, and realty cannot be charged with the burden unless by express direction, or a clear intent drawn from the will, aided by outside circumstances if any there be. The instrument at bar gives the legacies, after payment of debts and funeral expenses. The testator’s parents, sisters and brothers are the beneficiaries. A direction to pay all within one year after death follows, and then a disposition of all the rest, residue and remainder of his estate, both real and personal, by division between wife and daughter.
This clause seems to contemplate a residuum of both real and personal property, and the absence of any prior devise of *76 realty to create a residue, supports the inference of intention to charge it with the burden of legacies, should there be a deficiency in personalty. The question has frequently been before the courts, and I examined the adjudications in Le Fevre agt. Toole et al. (84 N. Y., 95), when presented at special term. The case of Bevan et al. agt. Cooper et al. (72 N. Y., 317), countenances no different conclusion. The intent of a testator is to be gathered from his will, consequently the modes of expression vary in every case. In the one last cited the residuary clause separated real from personal estate; there was a plain devise of realty, and the legacies were given to strangers.
With due regard to controlling' authority, I do not think the conclusion can be avoided that the legacies here are chargeable upon testator’s real estate.
Decree ordered charging legacies upon real estate.
Note. — No appeal was taken in the case.— [Ed.