(8 Misc. Rep. 193.)

## In re SPENCER'S ESTATE.

### (Surrogate's Court, Cattaraugus County. May, 1894.)

1. WILLS—CONSTRUCTION—LEGACIES CHARGED ON LAND.

   Testatrix, after giving various pecuniary legacies, gave all the residue of her property, "both real and personal," to E., and appointed an executor, "with full power to sell all my property, if necessary to, to fulfill my above bequest." *Held*, that testatrix intended that the general legacies should be a charge on the realty so far as the personalty was not sufficient to pay them.

2. EXECUTORS AND ADMINISTRATORS—POWER TO SELL REAL ESTATE.

   Such will authorizes the executor to sell and convey the real estate.

Proceeding on an intermediate accounting by James L. West, as executor of the will of Rachel M. Spencer, deceased, and for the construction of the will.

W. K. Harrison, for the executors and others.

John L. Murphy, general guardian of residuary legatee, in pro. per.

DAVIE, S. The testatrix died on the 29th day of December, 1892, leaving a will bearing date on the 21st day of the same month, which was admitted to probate on the 6th day of February, 1893, and letters testamentary thereupon issued to James L. West, executor. By the terms of the will, testatrix directed the payment of her debts, funeral charges, and expenses of administration, and bequeathed the sum of $200 to one sister, and $100 to each of two other sisters. Then follows a bequest of $200 to Nellie O'Dell, a niece; $100 to Spencer Quackenbush, a nephew; and $50 to each of six other nieces and nephews. She then directs her executor to retain the sum of $200 out of her estate, invest the same, and expend the interest arising from such investment in keeping her cemetery lot in good condition, and further provided that:

"If it is not necessary to expend the whole amount of the interest on my lot in said cemetery, then the balance to be used in beautifying and in keeping the cemetery in good condition, as the proprietors of said cemetery may direct."

The final disposing clause of the will is as follows:

"All the rest and residue of all my property, both real and personal, I give and bequeath to Ella Quackenbush, absolutely. Likewise, I make, constitute, and appoint James L. West, with full power to sell all my property, if necessary to, to fulfill my above bequest, executor," etc.

It appears from the account filed that the personal estate of testatrix remaining after the payment of the debts, funeral expenses, and costs of administration is but little more than half enough to pay the general legacies, and the questions now presented for determination are: First, must the general legacies abate proportionately in consequence of the insufficiency of the personal estate to pay them in full, or can resort be had to the real estate for full satisfaction of the same? And, second, is the executor empowered by the terms of the will to sell and convey the real estate? The

personalty is not only the primary fund, but the only one, liable for the payment of the general legacies, unless they are charged on the realty by express direction, or by necessary implication. Such a charge, however, may operate in aid of the personalty, furnishing an additional fund for the payment of legacies upon exhaustion of the personalty, or where the two species of property are blended together by the terms of the will, rendering them both liable for payment of legacies pari passu. 13 Am. & Eng. Enc. Law, 110. It will be observed that the residuary clause of the will deals with both the real and personal estate alike. The courts of this state, after much vacillation, appear now to take the position that this blending of the real and personal estate in the residuary clause is not sufficient, in and of itself, to charge the realty; yet it is a circumstance to be taken into consideration in ascertaining the testator's intention, and in connection with other circumstances may be controlling. Hoyt v. Hoyt, 85 N. Y. 142; Scott v. Stebbins, 91 N. Y. 605; McCorn v. McCorn, 100 N. Y. 511, 3 N. E. 480; Anderson v. Davison, 42 Hun, 431. A charge will also be implied if the language of the will indicates that the testatrix intended the legacies to be paid in full, knowing that her personal property was insufficient for that purpose, or if it appears that she had her real estate in mind when determining the amount of her various bequests, although such real estate be devised (Le Fevre v. Toole, 84 N. Y. 95; McCorn v. McCorn, 100 N. Y. 511, 3 N. E. 480); and extraneous circumstances may be considered in aid of the terms of the will (Brill v. Wright, 112 N. Y. 134, 19 N. E. 628).

In the case at bar the will was made only a few days prior to the death of the testatrix. Hence, no change occurred in the condition of her estate between the execution of the will and her death. Her estate, aside from the real estate, and a small amount of household furniture and wearing apparel, consisted of money securities. Testatrix was a woman of ordinary sagacity and business ability, and must be presumed to have comprehended the extent of her personal estate at the time of the execution of the will. The principal legatees are her sisters, while the residuary legatee is a niece; and there is nothing in the situation of the parties, as disclosed by the evidence, showing that this niece had any greater claim upon the bounty of the testatrix than her other relatives, especially her sisters. The claim that testatrix designed that the payment of the general legacies should be limited by the amount of the personal property is simply an imputation that the testatrix, desiring, in view of approaching death, to make some fair and reasonable disposition of her estate, designedly and intentionally incorporated in her will a series of legacies which were to a great extent meaningless and valueless. It seems much more reasonable to suppose that testatrix intended that the general legacies should first be paid in full, and that whatever might remain should go to the residuary legatee. There is nothing in this conclusion inconsistent, to any extent, with the phraseology of the will; and it is sustained fully and satisfactorily by the proof of the circumstances attending the execution of the will.

Having reached the conclusion that testatrix designed to make the general legacies a charge upon her real estate, in so far as the personal estate was insufficient to pay them, her further intention to clothe her executor with ample authority to carry out the provisions of the will by a disposition of all her estate is equally apparent. The terms of the will are entirely susceptible of that construction. She designates and appoints an executor, "with full power to sell all my property, if necessary to, to fulfill my above bequests." The will is not very artistically drawn, but the carelessness of the scrivener cannot be permitted to defeat the evident intention of the testatrix. Where, upon examination of a will, taken as a whole, the intention of the testator appears clear, but its plain and definite purposes are endangered by inapt or inaccurate modes of expression, the court may, and it is its duty to, subordinate the language to the intention. Phillips v. Davies, 92 N. Y. 204. It must be held in this case that the executor is clothed with ample authority to sell the real estate of testatrix, and convert the same into money; that he should do so in the course of his administration, and, out of the proceeds arising from the sale of the personal and real estate, pay the general legacies, and the residue, whatever it may be determined to be upon judicial settlement, to the residuary legatee. A decree will be entered accordingly.