---

(56 Misc. Rep. 421.)

### In re JONES' ESTATE.

(Surrogate's Court, Oneida County. November, 1907.)

WILLS—RIGHTS OF LEGATEES—PAYMENT OF LEGACIES.

    Testatrix made a bequest to a sister, and gave her husband the use of certain property for life, with power of sale; the legacy to the sister in the event of sale to be paid from the proceeds. The real estate was not sold by the husband, but after his death was sold by the executor for a sum sufficient to pay the debts of testatrix and the legacy. There was no personal estate out of which the legacy could be paid. *Held*, that the executor could not divert the proceeds to pay expenses of administration and other legacies, nor would the proceeds fall into the residuary estate, leaving such legacy unpaid.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 2113–2119.]

In the matter of the estate of Jane Jones. Proceedings on final settlement of executor's account. Decree rendered.

E. Willard Jones, for executor.
J. W. Rayhill, for Elizabeth Owens, legatee.

SEXTON, S. The executor in this estate has filed his final account, and asks for a final decree distributing the estate. In the first clause of the will the testatrix directed that all lawful debts be paid and then bequeathed $200 to her sister, Elizabeth Owens. By the second clause she devised to her husband absolutely the blacksmith shop property and the life use of their home in Trenton Village and then further provided:

"Also, I give and bequeath unto my aforesaid husband the use of my lot on street leading from aforesaid Trenton Village towards Steuben, for and during the life of my aforesaid husband, and I hereby empower and authorize my aforesaid husband to sell, convey, transfer, deed, and deliver in my name and stead the aforesaid vacant lot on street leading from aforesaid Trenton Vil-

lage toward Steuben, to pay and cancel my unpaid debts and the bequest of $200 to my aforesaid sister, and of the balance, after such payment of the sum arising from the aforesaid sale, publicly or privately held, I give and bequeath the use to my aforesaid husband for and during his life."

The testator then bequeathed $600 to a daughter of said Elizabeth Owens, and $200 equally to nephews, to be paid after the death of her said husband, and "all the residue, rest, and remainder of property, both real and personal," she then gave absolutely to her adopted daughter, Ann Griffith, and appointed Ellis W. Griffith executor, with power to sell and convey "real estate or any part thereof, as he, my said executor, thinks advisable." The husband never sold the lot, and upon his death all the real estate in which he had a life use was sold by the executor. The lot described in the second clause of the will brought $260. The homestead sold for $1,200. There was no personal property. The debts of the testator amounted to $45.50. All legacies and debts of administration have been paid, except a balance of $190 on the Elizabeth Owens legacy. There remains in the executor's hands $339.75 for distribution.

It is contended that this balance should go into the residuum, because it cannot be legally used to pay the Elizabeth Owens legacy, for the reason that said legacy and debts of testator were expressly charged on the vacant lot under the second clause of the will, and that the husband was directed to sell it to pay said legacy and debts, and, not having sold it, the legacy cannot be paid out of the general estate. This contention is untenable, for the reason that the husband was not directed to sell, but "empowered and authorized" only. The language used by the testator creates a naked power, which in law is not above the dignity of a permission. The property in question was a vacant lot of about four acres. It seems reasonable that the power of sale was given to the husband to enable him to dispose of the lot, in case it should prove unremunerative. If he sold, he was directed to pay said legacy and debts, and have the life use of any balance then remaining. He could sell the lot clear of the legacy and debts. They were not made a charge or lien thereon, and only in the event of a sale were they at all involved. The lot was sold by the executor after the death of the husband, under a discretionary power of sale, for $260. This amount would more than pay the legacy of $200 and the debts of $45.50. If the lot was charged with the payment of said sums, as contended, it was the duty of the executor to have so applied the said proceeds. Instead, he used the money, all but $10, toward debts and expenses of administration. He afterward sold the balance of the real estate, under the power given him, for $1,200, and paid $800 in discharge of general legacies. The executor's construction of the will evidently was that, there being no personal property, the real estate should pay the legacies, except that the husband should have sold the vacant lot and paid the Owens legacy. He having failed to sell and pay, the proceeds of the sale thereof, the executor contends, must go to the residuary legatee. The testator showed more concern about the security of the Owens legacy than of any other. It is absolute, and first given in the will, and protected in case of the sale of the lot by the husband. If the husband had exercised his power of sale, he would

have been obliged to pay this legacy and the debts out of the proceeds; and the only portion of the proceeds that would fall into the residuum would be the amount realized in excess of $245.50, which amount would pass to the executor as such on the death of the husband. Can it be possible, because of the failure of the husband to sell, all the proceeds of the lot fall into the residuum? I think not. The fact that the executor was empowered to sell the lot in question is evidence of the fact that the testator did not give, or intend to give, the husband a mandatory and exclusive power of sale. Nor did she intend that the legacy should lapse or her debts go unpaid, in the event of failure on the part of the husband to sell.

The will was made October 11, 1903, and testator died November 21, 1903, and must have had the amount of her property in mind, and must have known that she had no personal property with which to discharge legacies, and must have known that, if they were to be paid at all, the money must come from a sale of the real estate, of which she had sufficient for that purpose. It is hard to believe that a rational person would provide for her sister in her will, in the amount of $200, intending that it should not be paid to her. The testator had no children. She had adopted Ann Griffith, the residuary legatee. It is plain that the testator was sincere in the gift of all the legacies. The claims of blood are remembered and considered. She gave her sister, Elizabeth Owens, $200. The household effects, upon the death of her husband, she gave to said sister and to a niece equally. She gave $600 to a daughter of Elizabeth Owens, and to two nephews $200 to be divided equally. To her husband she devised the blacksmith shop property and the use of all household effects and real estate while he lived. Upon his death the executor was authorized to sell all real estate. There was real estate more than sufficient to pay all debts and legacies, and no personal property applicable to the payment thereof. These legacies were not meant to be nugatory or unavailing. They were general legacies and gifts, made with knowledge in the testator that she had nothing but real estate out of which they could be paid. The testator undoubtedly intended to charge the legacy to Elizabeth Owens upon the real estate, within the established rules applicable to the question, as settled by many adjudications. Lefevre v. Toole, 84 N. Y. 95; Hoyt v. Hoyt, 85 N. Y. 142; Scott v. Stebbins, 91 N. Y. 605; McCorn v. McCorn, 100 N. Y. 511, 3 N. E. 480; Morris v. Sickley, 133 N. Y. 456, 31 N. E. 332; Hogan v. Kavanaugh, 138 N. Y. 417, 34 N. E. 292.

The residuary clause of the will gives "all the residue, rest, and remainder of property, both real and personal, of every name and nature," etc., to said adopted daughter, Ann Griffith. There being no personal property, it must be held that the intention of the testator was to have the three money legacies, aggregating $1,000, paid from the proceeds of all the real estate. In this state, when the language of the will blends the entire estate, both real and personal, into one residue, after giving legacies, and indicates the intention of the testator to be to give, by the residuary clause, only such residue as shall be found to remain after the satisfaction of the previous dispositions of the will, the legacies are a charge upon the real estate. Forster v. Civill,

20 Hun, 284; Hall v. Thompson, 23 Hun, 335; Lefevre v. Toole, supra.

I hold that the balance of the legacy to Elizabeth Owens of $190 must be paid out of the proceeds of the real estate, and the residue to the residuary legatee. A decree will be entered accordingly.

Decreed accordingly.