THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF
NEW YORK, Respondent, *v.* THE DRY DOCK, EAST BROAD-
WAY AND BATTERY RAILROAD COMPANY, Appellant.

The charter under which defendant operates its street railroad (Chap.
512, Laws of 1860) provides that said railroad "shall be run as often as
the convenience of passengers may require and shall be subject to such
reasonable rules and regulations in respect thereto as the common coun-
cil of the city of New York may from time to time by ordinance pre-
scribe." The said common council passed an ordinance requiring street
surface railroads to run "not less than one car every twenty minutes
between the hours of 12 midnight and 6 o'clock A. M., each and every
day, both ways, for the transportation of passengers." In an action to
recover the penalty prescribed for a violation of the ordinance, *held*, that
while the authority of the common council was qualified as to defendant,
and an unreasonable regulation would not be obligatory upon it, the
presumption was in favor of the reasonableness of the ordinance, and
the burden was upon it to show the contrary.

Defendant offered evidence on the trial to the effect that it ran its cars for
a time in obedience to the ordinance, and that they ran empty, often not
carrying a single passenger. This evidence was objected to and excluded.
*Held*, error; that the evidence was proper, as bearing upon the question
of the reasonableness of the ordinance.

Also *held*, the fact that defendant operated branches of its road on parallel
avenues, and that upon one branch cars were run in compliance with the
ordinance, but not upon the other, was not a sufficient compliance with
the ordinance.

(Argued March 21, 1892; decided April 12, 1892.)

APPEAL from judgment of the General Term of the Court
of Common Pleas for the city and county of New York, entered
upon an order made June 22, 1891, which affirmed a judgment
in favor of plaintiff rendered by a District Court of the city of
New York.

This action was brought to recover a penalty for an alleged
violation by defendant on July 11, 1890, of an ordinance of
the common council of the city of New York, relating to the
running of street cars in said city, which took effect July 8,
1890.

Defendant commenced complying with said ordinance on
all its lines July 28, 1890, and upon the trial offered to show,

in substance, that since that date, between midnight and six o'clock A. M. there were no passengers, and that, as a rule, the cars were empty. This was excluded under plaintiff's objection, to which defendant duly excepted.

Further facts are stated in the opinion.

*John M. Scribner* for appellant. The alleged ordinance is absolutely void as against the defendant in this action because the common council had no right, power or authority to pass or adopt the same. (*Mayor* v. *S. A. R. R. Co.*, 32 N. Y. 261; *Mayor* v. *T. A. R. R. Co.*, 33 id. 42; U. S. Const. art. 1, § 10; *People* v. *O'Brien*, 111 N. Y. 39, 40–43; *Danolds* v. *State*, 89 id. 36; *Dartmouth College* v. *Woodward*, 4 Wheat. 519; *Fletcher* v. *Peck*, 6 Cranch. 87, 137; *State of New Jersey* v. *Wilson*, 7 id. 164; *People* v. *Stephens*, 71 N. Y. 549; *McMaster* v. *State*, 108 id. 555.) The court below erred in excluding evidence offered by the defendant which would have demonstrated the unreasonableness of the ordinance in question by proving that the cars run by the defendant between midnight and five o'clock A. M. since the adoption of the alleged ordinance have carried no passengers and are not required for public convenience. (Laws of 1860, chap. 512, § 2; Id. chap. 10; *Long Island City* v. *L. I. R. R. Co.*, 79 N. Y. 564; *Mayor* v. *S. A. R. R. Co.*, 32 id. 261; *People* v. *O'Brien*, 111 id. 39.) The common council of the city of New York has no power to legislate in regard to the defendant's railroad, except that by chapter 512, Laws of 1860, the said railroad is made "subject to such reasonable rules and regulations in respect thereto as the common council of the city of New York may from time to time by ordinance prescribe." (Laws of 1860, chap. 512, § 2.) The plaintiffs failed to prove the cause of action alleged in the complaint. (*C., etc., R. Co.* v. *Minnesota*, 134 U. S. 418; Laws of 1860, chap. 512, § 2; *Stone* v. *F. L. & T. Co.*, 116 U. S. 331.) The question whether the ordinance on which this suit is founded is reasonable or not, is a question of law to be decided by the court. (*Hibbard* v. *E. R. R. Co.*, 15 N. Y. 455; *Vedder* v. *Fellows*,

20 id. 126; *Townsend* v. *N. Y. C. R. R. Co.*, 56 id. 300; *Avery* v. *N. Y. C. R. R. Co.*, 121 id. 44; *B. C. R. R. Co.* v. *City of Brooklyn*, 37 Hun, 413; Laws of 1860, chap. 10; *Milhau* v. *Sharp*, 27 N. Y. 611; *D., L. & W. R. R. Co.* v. *East Orange*, 41 N. J. L. 133; *City of Boston* v. *Shaw*, 1 Metc. 135; 1 Dillon on Corp. [4th ed.] § 327; *Kneedler* v. *Norristown*, 100 Penn. St. 373; *P. R. R. Co.* v. *Jersey City*, 47 N. J. L. 288; Laws of 1882, chap. 410, § 86.) The reasons assigned by the General Term of the Court of Common Pleas for the affirmance of the judgment in this case are erroneous. (*Siebert* v. *E. R. Co.*, 49 Barb. 583; *Kelly* v. *Burroughs*, 102 N. Y. 95; *Kavanagh* v. *Wilson*, 70 id. 179; *B. C. R. R. Co.* v. *City of Brooklyn*, 37 Hun, 413; *Lamline* v. *H., etc., R. R. Co.*, 14 Daly, 147.)

*D. J. Dean* for respondent. The common council had the right, power and authority to pass or adopt the ordinance in question; the provisions of the plaintiff's charter fully authorized it. (Laws of 1882, chap. 410, §§ 85, 86, subds. 1, 2; *Stokes* v. *New York*, 14 Wend. 88; *Polinsky* v. *People*, 73 N. Y. 65; *Cox* v. *Court of Special Sessions*, 7 Hun, 214; *Mayor, etc.*, v. *Ryan*, 2 E. D. Smith, 371; *Blazier* v. *Miller*, 10 Hun, 435; *Mayor, etc.*, v. *Williams*, 15 N. Y. 502; Laws of 1860, chap. 512, § 2; *Bertholf* v. *O'Reilly*, 74 N. Y. 509, 517; *Munn* v. *Illinois*, 94 U. S. 114; *People* v. *Cipperly*, 37 Hun, 319; 101 N. Y. 634; *Mayor, etc.*, v. *T. T. S. R. R. Co.*, 113 id. 311, 317; 48 Hun, 552; *Milhau* v. *Sharp*, 27 N. Y. 611; *People* v. *Albertson*, 55 id. 50; *People* v. *Briggs*, 50 id. 553; *People* v. *Gillson*, 109 id. 389, 398; *D. D., E. B. & B. R. R. Co.* v. *Mayor*, 47 Hun, 221; *B. & N. F. R. R. Co.* v. *City of Buffalo*, 5 Hill, 209; *C. R. B. Co.* v. *W. B. Co.*, 11 Pet. 420; *Vanderbilt* v. *Adams*, 7 Cow. 349; *Slaughter House Cases*, 16 Wall. 36, 87.) The plaintiffs were not bound to prove the necessity for the ordinance in question, or that it was reasonable in its provisions, or that the defendant did not run its cars as often as public convenience required them to be run. It was not necessary to allege or explain in the ordinance or prove on the

trial the reason for its enactment or the exigency out of which it arose. The necessity and reasonableness of the ordinance is implied by the act of passing it. (*Oneida Common Pleas* v. *People*, 18 Wend. 99 ; *People* v. *West*, 106 N. Y. 293 ; *Milhau* v. *Sharp*, 15 Barb. 193 ; 27 N. Y. 621 ; *Stuyvesant* v. *Mayor, etc.*, 7 Cow. 606 ; *N. Y. & H. R. R. R. Co.* v. *Mayor, etc.*, 1 Hilt. 562 ; *De Camp* v. *Eveland*, 19 Barb. 81 ; *Cronin* v. *People*, 82 N. Y. 323 ; *Rector, etc.*, v. *Higgins*, 4 Robt. 1 ; Sutherland on Stat. Const. § 330 ; *In re Jacobs*, 98 N. Y. 110 ; *Board of Excise* v. *Barrie*, 34 id. 668 ; *B. & N. G. R. R. Co.* v. *Buffalo*, 5 Hill, 209.) The running of the Avenue B branch of the defendant's railroad was not a compliance with the provisions of the ordinance in question, and, therefore, no defense to this action. (*In re Breslin*, 45 Hun, 210 ; *People* v. *Bartow*, 6 Cow. 290 ; *People* v. *Hopkins*, 2 T. & C. 586 ; *Duryee* v. *Mayor, etc.*, 96 N. Y. 495 ; Suth. on Stat. Const. § 321.) The common council, and not the defendant, were to be the judges as to what the public convenience required. (*People ex rel.* v. *Mulholland*, 82 N. Y. 324.) The claim of the defendant that no other remedy existed in law against the defendant company for a failure to operate its road as often as the public convenience would require than an action to annul its charter is not well taken. (*Polinsky* v. *People*, 11 Hun, 390 ; 73 N. Y. 65 ; *Brooklyn* v. *Toynbee*, 31 Barb. 283 ; Laws of 1860, chap. 512, § 2.) Railroads for the transportation of persons, though constructed by private corporations and owned by them, are public highways. (*Rex* v. *S. & W. R. R. Co.*, 2 Barn. & Ald. 646 ; *Swan* v. *Williams*, 2 Mich. 424 ; *Olcott* v. *Supervisors*, 16 Wall. 694 ; *People* v. *N. Y. C. & H. R. R. R. Co.*, 28 Hun, 543.) The power to regulate by ordinance the running of the defendant's cars, having been reserved to the common council by the defendant's charter, it must be exercised by the common council and not by the courts. (*D. D., E. B. & B. R. R. Co.* v. *Mayor*, 47 Hun, 221 ; *People* v. *Arensberg*, 103 N. Y. 399 ; *B. & N. F. R. R. Co.* v. *City of Buffalo*, 5 Hill, 209 ; *City of Brooklyn* v. *Breslin*, 57 N. Y. 591 ; *People* v. *West*, 106 id. 293 ; *People*

v. *Briggs*, 60 id. 553; *People* v. *Albertson*, 55 id. 50; *People* v. *Gillson*, 109 id. 389.) The defendant's contention that the ordinance in question is unreasonable, and that the trial court can review the action of the common council in providing that the defendant shall run its cars within certain intervals during the night is untenable. (*Mayor* v. *B. & S. A. R. R. Co.*, 97 N. Y. 275; *Mayor* v. *S. A. R. R. Co.*, 32 id. 261; *People ex rel.* v. *Albertson*, 55 id. 50; *People* v. *Gillson*, 109 id. 389; *Hoey* v. *Gilroy*, 41 N. Y. S. R. 181; *D. D., E. B. & B. R. R. Co.* v. *Mayor, etc.*, 47 Hun, 221; *People* v. *Budd*, 117 N. Y. 1.) Penal laws passed for beneficial public purposes are to be construed liberally. (*Sickles* v. *Sharp*, 13 Johns. 498; *U. S. T. Co.* v. *W. U. T. Co.*, 56 Barb. 46; *People* v. *Bartow*, 6 Cow. 290; *Tallman* v. *S., B. & N. Y. Co.*, 4 Keyes, 128; *N. R. Co.* v. *Graves*, 2 Vt. 431; *Cotheal* v. *Browner*, 5 N. Y. 567; *Dibble* v. *Hathaway*, 11 Hun, 571; *In re Breslin*, 45 id. 210; *Duryea* v. *Mayor, etc.*, 96 N. Y. 477.) Any ambiguity in a grant of privileges to a railroad corporation must operate against the grantee and in favor of the public. (*Langdon* v. *Mayor, etc.*, 93 N. Y. 129; *Mayor, etc.*, v. *B. R. R. Co.*, 97 id. 275; *Dermott* v. *State*, 99 id. 107.) The evidence tending to show that there would be a loss of profit, or rather that the income would be less than the expenses for running cars during the particular hours mentioned in the ordinance, was properly excluded. (*People* v. *B. R. R. Co.*, 70 N. Y. 569; *A. R. T. Co.* v. *Hess*, 125 id. 649; *People* v. *Clark*, 4 id. 572.)

GRAY, J. This was an action to recover a penalty of $100 for an alleged violation by the railroad company of an ordinance of the common council of the city of New York, which required the several street surface railroad companies to operate their roads ' as frequently as public convenience may require and not less than one car every twenty minutes between the hours of 12 midnight and 6 o'clock A. M. each and every day, both ways, for the transportation of passengers."

The particular violation charged in the complaint was the

failure of defendant to run its cars on its Avenue D branch every twenty minutes during the ordinance hours, on the 11th day of July, 1890.   The plaintiff recovered a judgment in the Fifth Judicial District Court in the city of New York, which was affirmed, upon an appeal to the General Term of the Common Pleas Court for the said city.   The defendant obtained leave to take an appeal to this court and its counsel has presented an elaborate argument, in which he questions the right of the common council to pass the ordinance, as to this defendant, and he insists that in the trial of the action the judge erred in the exclusion of evidence and in his decision upon the case as made.

In 1860 the legislature passed "An act to authorize the construction of a railroad in Avenue D, East Broadway, and other streets and avenues of the city of New York." (Chap. 512, Laws of 1860.)   This defendant is the assignee and owner of the rights, privileges and franchises conferred on the grantees named in the act.   In its second section it was provided, as follows:

· "§ 2.  Said railroad shall be constructed on the most approved plan for the construction of city railroads, and shall be run as often as the convenience of passengers may require, and shall be subject to such reasonable rules and regulations in respect thereto as the common council of the city of New York may from time to time by ordinance prescribe."

In 1890 the ordinance in question was passed by the common council, and the defendant questions its power and right to pass it, upon the ground that it alters or violates the contract between the state and the defendant.   The argument, however, disregards the fundamental fact that it was a part of that contract that the defendant should be subject to such rules and regulations as the common council should prescribe, and the only limitation or qualification imposed by the legislature, in that respect, were that they should be such as were reasonable.

Within the boundaries of the authority conferred by the legislature upon the common council, that body may make ordinances for the regulation of the conduct of the affairs of

individuals or corporations, or of the use of their privileges, where they touch or affect municipal and public interests. This right to legislate through ordinances, in the administration of municipal affairs, is necessary for the protection and for the promotion of civic interests and is conferred in the Consolidation Act. That body has, of course, no general power in these respects. It may exercise only such powers as have been especially delegated to it by the legislature; and such as may be necessary to carry into effect any and all the powers vested in the municipal corporation.

When the charter, under which the defendant acquired its right to operate its railways, was granted, in 1860, it was one of its conditions or provisions, and, as such, quite as much obligatory upon the grantees as any other part of the legislative grant, that the corporation should comply with any ordinances prescribed by the common council; which constituted a reasonable regulation of the use of the corporate franchises. There is not here any question of an alteration of a charter, or of any impairment of the contract with the state. The defendant took the charter with all the conditions expressed in it, and, by acceptance, has agreed that the operation and enjoyment of the privileges and franchises conferred shall be in subordination to such reasonable regulations as the common council of the city shall ordain. By accepting the charter, the grantees voluntarily consented to be bound by all of its provisions and conditions, and the corporation cannot complain of the enforcement of any, if, by a fair reading of the language, the enforcement in the particular manner is authorized. The question then simply is whether this ordinance of the common council, which was adopted with respect to all the surface roads in the city, was a reasonable regulation with respect to this defendant; for if it was not, then it is not obligatory within the meaning of the act of incorporation. The authority of the common council in prescribing regulations was qualified as to this defendant, and, when it is sought to recover a penalty for non-compliance with a regulation, it is competent for the defendant to show that it should not apply to it, because

unreasonable.   As in this case the regulation affects the running of cars at stated intervals of time, its reasonableness, I think, may properly be considered in connection with the other language of the second section of the charter, which requires the corporation to " run as often as the convenience of passengers may require."   Not that that language controls or decides the question of reasonableness, but it bears upon and illustrates the design of the legislature in subjecting the corporation to regulations upon that subject.   In the passage of the ordinance in question, the presumption is in favor of its reasonableness and the burden was upon the defendant to show the contrary. I think this is very obviously so, because the common council acts as the public or municipal agent, and exercises an authority which was delegated to it by the legislature as being the proper and representative body to make rules and regulations to which the railroad company should be subject.   In the passage of a general ordinance affecting subjects of municipal administration, it should and will be presumed that the common council acted in the exercise of a judgment upon facts, and for reasons calling for such legislative action.   In *Cronin* v. *People* (82 N. Y. 323), it was said of the city ordinance there, that it was not " necessary to allege or explain the reasons for its enactment, or the exigency out of which it grew.   It is of the nature of legislative bodies to judge for themselves and the fact and the exercise of that judgment are to be implied from the law itself."

The adoption of the ordinance in question does not conclude the courts in passing upon the case of its alleged violation, because their determination is to be controlled by the question of whether it was reasonable as to the defendant, and that can only be determined from facts in evidence.   The court will imply the existence of reasons rendering the adoption of such a public measure presumptively proper, and it is for the defendant to show the facts which should exempt it from compliance with the general regulation.   Presumptively, the ordinance was required in the interests of the public, for whose convenience railroad companies hold and must operate their

franchises, but the presumption is open to rebuttal by this defendant by giving in evidence facts which show that, in its case, its enforcement would be unreasonable and that the convenience of the public, or of passengers, did not require such a regulation.    It was, therefore, competent for this defendant upon the trial to give evidence of such facts as would establish, or tend to establish, that the convenience of passengers, or of the public, did not require the running of its cars during the ordinance hours specified.    Such facts were plainly relevant to the issue and bore upon the question of the reasonableness of the ordinance, in the defendant's case.    Undoubtedly the reasonableness of the ordinance was a question of law, for the court to decide upon a consideration of all the facts and circumstances of the case.    It is the province of courts to construe the acts of legislative bodies, and within that jurisdiction, in a proper case, to apply and to enforce their provisions. When the law is positive and plain in its terms and requirements, and if it does not conflict with any constitutional rights or immunities, then that strict compliance must be enforced which a fair reading demands, and construction may have little or no work to perform.

But, if limitations are affixed to the law which control in its application to subjects, it is for the court to decide whether, under the circumstances as disclosed, the conditions for its application are met by the case.    Whether this ordinance should apply to the defendant would depend upon whether the defendant has succeeded in proving that it was an unreasonable regulation in its particular case.    If it could prove that, when obeying the ordinance, upon a fair trial of the regulation, few or no passengers were carried, the judge might and, possibly, should find that the regulation was an unreasonable one and, therefore, should not be enforced.    With the evidence upon the subject before him, it would be for the judge to decide upon the question of the reasonableness of enforcing such an ordinance.

That the evidence offered related to a period of time subsequent to the date when the ordinance went into effect, is not a

ground for objection. Obviously, until after the defendant did commence to operate this branch of its road in obedience to the ordinance, it would be difficult to show that passengers did not use defendant's road during the ordinance hours and that public convenience did not require the running of cars all night. Nor is the question controlled by considerations of the expense to the defendant. It received its franchises and privileges for the public convenience and to be operated as the public interests should require. No provision or condition of the law of its being qualified its obligation to use its franchises, by permitting the operation of the railroad to be controlled solely by questions of profits. In the case of such *quasi* public corporations their primary duty, and a cardinal obligation which arises from the grant of public rights and privileges, require of them that they should operate their franchises in a reasonable subservience to the public convenience. In the present case it would not be a sufficient answer to the rule to say that the operation of cars all night was unprofitable. The objection should be upon the ground that the convenience of passengers does not require it.

We think that there was no force in the objection, and no basis for it in the facts, that the ordinance was unreasonable for the want of sufficient time within which to comply with its requirements; and we do not think that it was a sufficient compliance by the defendant to operate its Avenue B line of cars. The ordinance related to all lines of railroads using the streets of the city, whether they were main lines or branches.

For the error committed in excluding evidence offered by the defendant to show that, with respect to the running of its cars over the Avenue D branch, the regulation embodied in the ordinance of the common council was not a reasonable one, the judgment below should be reversed and a new trial ordered, with costs to the appellant to abide the event.

All concur.

Judgment reversed.