Phœbe J. Hogan, Appellant, *v.* Daniel Kavanaugh et al., Respondents.

The right of a creditor to resort to the real estate of his deceased debtor for the payment of his claim, having been conferred by statute, must be asserted and proved in the manner prescribed by the statute.

H. died seized of real estate of the value of about $2,500, and leaving about $250 of personality. By a codicil to his will, he gave to two daughters each a legacy of $500, "if (giving the language of the will) there is that for them when I and my wife get done with the property, but they are not to have anything until I and my wife get through with the property." *Held,* that the legacies were a charge upon the land.

An action in equity is maintainable to have a legacy declared to be a charge upon land.

The primary fund, however, for the payment of debts and legacies is the personal estate, and the real estate cannot be resorted to for that purpose until the personality is exhausted in the ordinary course of administration and under authority of the statute.

An action, therefore, to have a legacy declared to be a charge upon the testator's real estate is not a suitable and appropriate proceeding for ascertaining who are creditors and the amount of their claims, or to close up the estate, without administration or a resort to the procedure prescribed by statute for the proof of debts and payment thereof from the personality, or, if insufficient, the sale of the realty for that purpose.

Where, therefore, in an action by one of the daughters to charge her legacies upon the land, it appeared that no executors were appointed and no administration, with the will annexed or otherwise, had been applied for, and the judgment, after adjudging the legacies to be a charge, provided for the sale of the land for the payment out of the proceeds, first, of the debts of the testator, and then of the legacies, if the surplus was sufficient, if not, to apply it *pro rata,* held, that so much of the judgment as provided for a sale for the payment of debts was error; also, that the legacies could not be enforced by sale without the presence of the administrator of the deceased.

The judgment, therefore, modified so as to provide for the sale of the real estate for the payment of the legacies, subject to the rights of creditors and of persons equitably representing creditors, to be first paid out of the fund, but only after the debts have been duly established in Surrogate's Court and such proceedings had as will authorize proceedings for the sale of the real estate for payment of the debts, and until such preliminary proceedings are had, the sale and execution of the judgment to be stayed.

(Argued May 2, 1893; decided June 6, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made March 29, 1892, which affirmed a judgment in favor of defendants entered upon the report of a referee.

This action was brought to have a legacy in the will of Edward Howard, deceased, made a specific lien on certain real estate ; that such lien be enforced by a sale, and that the legacy be paid out of the proceeds thereof.

The facts, so far as material, are stated in the opinion.

*Wm. H. Henderson* for appellant. The testator has not by his will devised his lands charged with the payment of his debts. Nor has the testator by any provisions of his will created any lien or charge upon his real estate in favor of his creditors. (*Clift* v. *Moses*, 116 N. Y. 114; *Smith* v. *Soper*, 32 Hun, 46; *In re Rochester*, 110 N. Y. 159; *In re Powers*, 124 id. 361, 368.) The referee erred in directing judgment that the debts owing by the testator at the time of his decease be adjudged to be a lien on the real estate of which he died seized, and in directing judgment that the amount paid by the defendant Kavanaugh in paying off said indebtedness, viz., $300, and interest thereon from January 13, 1872, to the date of his report, " be also declared therein a lien on said farm," and that said Kavanaugh be paid said sum out of the proceeds of the sale of the testator's said lands to be had under the judgment directed. (*Kingsland* v. *Murray*, 133 N. Y. 170; Code Civ. Pro. §§ 2749-2751; *Fonda* v. *Chapman*, 23 Hun, 119; *Jewett* v. *Keenholtz*, 16 Barb. 193; *In re Wasser*, 18 W'kly. Dig. 188, 189; *Petterson* v. *McCunn*, 17 id. 186; *Patt* v. *Platt*, 105 N. Y. 488; *Stilwell* v. *Swarthout*, 81 id. 109; *Selover* v. *Coe*, 63 id. 438; *Cooke* v. *DeGraw*, 14 N. Y. S. R. 727.) The referee has decided as a matter of law that the mortgage given by the defendant, Daniel Kavanaugh, to the defendant, Julia A. Allen, dated January 13, 1872, was a lien upon the premises of the decedent described in the complaint paramount to the lien thereon of the plaintiff's legacy, and the referee directed judgment that the amount of this

mortgage be first paid out of the proceeds of the sale of the decedent's land directed by the judgment to be sold. This is error. (*Bennett* v. *Aiken*, 38 Hun, 251.)

*J. G. Record* for respondent. The evidence of Sarah Brand clearly shows that the will was intended to be so drawn that the farm should pay his debts; his debts were charged upon the estate. (*Tanner* v. *Dodds*, 58 N. Y. 335; 112 id. 135; 16 Barb. 193, 195; 18 Wend. 319; *Clift* v. *Moses*, 116 N. Y. 144.) The payment of testator's debts by money received from the Allen mortgage makes it a lien and charge on the land superior to legacies. (*Jewett* v. *Keenholts*, 16 Barb. 193; 2 Paige, 425; 16 N. Y. 257, 261; 38 Barb. 80, 85, 85, 90; 47 id. 263, 270, 271, 274; 2 Johns. Ch. 623; 110 N. Y. 166.) The testator having no personal property, he is presumed to charge the land with the payment of the debts. We insist that equity will sustain the mortgage. (117 N. Y. 288, 291.) Jenks was not Mrs. Allen's agent, but the agent of Kavanaugh in procuring the loan, and notice to him was no notice to her, and no notice is proved, and the burden was on the plaintiff to impeach her title. (1 Barb. Ch. 220, 237.) These debts of Edwards were not outlawed, for not being due at his death the statute does not begin to run, until one year after letters of administration are issued. (*Bucklen* v. *Nard*, 5 Barb. 393; *Sanford* v. *Sanford*, 62 N. Y. 553, 554; 43 Hun, 634; 20 N. Y. 224; Code Civ. Pro. § 403.) The plaintiff objected to some proof as incompetent under section 829. It is submitted that none of the testimony given under those objections was prohibited by that section. (*Cary* v. *White*, 67 N. Y. 495; 52 id. 336; 72 id. 602; 88 id. 546.)

O'BRIEN, J. The judgment in this case has virtually settled and closed up the estate of a deceased person without administration or any resort whatever to the procedure prescribed by statute for the proof of debts and payment thereof from the personal estate or, if insufficient, the sale of the realty for that purpose. An action in equity, in which both sides are actors, has been substituted for the regular and orderly pro-

ceedings under the statutes for the settlement of the estates of deceased persons. It appears that in September, 1864, Edward Howard died leaving a will and codicil which, in January, 1866, were duly proved and admitted to probate. No executor was named in the will or codicil, and no administration with the will annexed or otherwise was ever applied for. The entire use and control of the property, both real and personal, was given by the will to the widow during her natural life, and legacies were given to his children, of whom the plaintiff is one. The legacy to the plaintiff was modified in some respects by the codicil, bearing date April 21, 1864, and her claim which is sought to be enforced in this action is there expressed in the following language of the testator : " Instead of giving an equal share to all the children, I only will Phoebe Hogan and Phila Hogan five hundred dollars each, if there is that for them when I and my wife get done with the property, but they are not to have anything until I and my wife get through with the property ; and then if there is anything left after paying Phoebe and Phila Hogan their five hundred dollars each, the remainder I will to George M. Howard, my son." Another daughter was the wife of the defendant Kavanaugh, and the codicil states that he had advanced to her $500, but makes no bequest to her. The estate is found to have consisted of an improved farm of about seventy-five acres, worth about $2,500, and about $200 in personal. It appears that the widow conveyed her life estate in the land, and the son, as residuary devisee, his interest, to the defendant Kavanaugh, who went into possession immediately after the testator's death, which gave him the title, subject to debts and legacies. On the 13th of January, 1872, Kavanaugh and wife mortgaged the farm to the defendant, Julia Allen, to secure the sum of $1,000, and interest thereon, which was paid to Kavanaugh, and used by him to pay a note upon which he was surety, made by the testator, and as to which there is a dispute as to whether it was in fact the debt of the testator or the son-in-law, and the testator in his will described the note as one " that he had signed with

his son-in-law." The interest on the mortgage was paid by the mortgagor to January 13, 1890, but the principal remained unpaid. It is found that Kavanaugh himself paid the balance due on the note amounting to $300, and also the legacy of $500 to the daughter, Phila Hogan, and he was treated in this action as the equitable assignee thereof, and both he and Mrs. Allen as the equitable assignees of debts of the testator, and representatives of creditors as to the claims paid by them or with funds furnished by them. The plaintiff's action was to procure the judgment of the court declaring her legacy to be a lien or charge upon the land and directing a sale thereof to pay it. The referee held that it was, but he also held that the mortgage was a prior charge, as well as the claims of Kavanaugh for the money advanced by him to apply upon the notes, and interest thereon, besides his costs in this action. He directed a sale to pay these claims with the expenses first, then the two legacies out of the surplus, if sufficient for that purpose, and if not then *pro rata.* Whether a legacy is a charge upon realty is always a question of the testator's intention, and that appears from the will in this case. There can be no doubt that the testator intended to charge these legacies to his daughters upon the land within the established rules applicable to the question as settled by adjudications. (*Le Fevre* v. *Toole*, 84 N. Y. 95 ; *Hoyt* v. *Hoyt*, 85 id. 142 ; *Scott* v. *Stebbins*, 91 id. 605 ; *McCorn* v. *McCorn*, 100 id. 511 ; *Morris* v. *Sickly*, 133 id. 456.)

That part of the judgment, therefore, which declares the legacies to be a charge upon the land is correct, nor can there be any objection to the maintenance of an action in a court of equity to procure a judgment for that purpose, though it might not be proper in all cases and under all circumstances to direct a sale of the land for their payment. The primary fund for the payment of debts and legacies is the personal estate, and the land cannot be resorted to for that purpose until the personal is exhausted in the ordinary course of administration, and under the authority of the statute. (*Kingsland* v. *Murray*, 133 N. Y. 170.)

The difficulty with this case is that the judgment appropriates the real estate of the decedent to the payment of debts without the statutory proceedings to ascertain who the creditors are and the amount and validity of the debts. The defendants were made parties to this action because they were in possession of the land, and Mrs. Allen, because there was a mortgage upon it in her favor upon record. They were not made parties as creditors or for the purpose of litigating the question whether they were creditors or not, and the amount and validity of their claims as such. The referee has found that there are no other creditors and possibly that may be so. But this finding would not bind any one hereafter who was not a party to this action and who made a claim against the estate through the regular channel of administration. An action of this character is not a suitable and appropriate proceeding for ascertaining who the creditors are, and the most that it could definitely or finally determine was as to the rights of the parties themselves. It could not decide whether others had claims or not. This is the case of a purchaser of the real estate of the testator from his devisees, who, having gone into possession, pays up such debts as he wishes, or perhaps can find, and then, without administration or any proof of these debts in the regular way, uses them to protect his title and possession, as prior claims against legatees who have liens under the will. The claims of creditors of a deceased person are preferred to those of his legatees or devisees, for the only interest in the testator's property that he could transmit to them was what remained after the payment of his just debts. (*Platt* v. *Platt*, 105 N. Y. 488; *Rosseau* v. *Bleau*, 131 id. 182.)

But the right of a creditor to resort to the real estate of his deceased debtor did not exist at common law, nor was the collection of debts from the real estate ever regarded as a part of the jurisdiction of courts of equity. (*McLamey* v. *Hart*, 121 N. Y. 636.) That right was conferred by statute, and it must be asserted and proved in the manner that the statute prescribes. Here the real estate of the

deceased is directed to be sold for the payment of debts by the decree of a court of equity without regard to any of the statutory steps that must precede such sale in the ordinary course of administration. It is supposed that the facts found by the referee permit this to be done. He has found that there are no other debts and no other personal estate. But as there was no one made a party to the action who represented the creditors or the personal estate, the finding, as already observed, can bind no one except, possibly, the parties to the action themselves. We will not now stop to inquire whether a party to an action of this kind, who happens to be a creditor, can in any case assert his claim to the real estate of a deceased person in a court of equity when invited there for some other purpose, or when it is sought to charge the land with some other claim. Possibly it might be done in a case where the regular process of administration had reached the stage where real estate could be sold for the payment of debts and an executor or administrator who could represent creditors and the personal estate was a party. It is not necessary to inquire how far and under what circumstances a court of equity would have jurisdiction in such a case. It is sufficient to say that a court of equity is not the tribunal appointed by law to administer upon the estates of deceased persons, and that part of the judgment in this case which virtually provides for the sale of the real estate of the testator for the payment of debts cannot be sanctioned without encouraging irregularities and, perhaps, abuses of the gravest kind, and which in the end might seriously affect the rights of parties interested in the estates of deceased persons. There can be no hardship in requiring creditors or their assignees to proceed in the regular way to appropriate real estate to the payment of debts. The statutory procedure is plain in itself, and obscure or doubtful questions have been solved by the decisions of the courts. (*O'Flynn* v. *Powers,* 136 N. Y. 412; *In re Powers,* 124 id. 361; *Kingsland* v. *Murray, supra.*)

We have not been referred to any authority that lends any

sanction to the procedure adopted in this case, and it is believed none can be found. The referee and the counsel in the case all admit in some form that it is a departure from the regular and usual method of enforcing debts and legacies. While the plaintiff's action, in so far as it seeks to have the legacy charged upon the land, may be regular, it is difficult to see how it can be enforced by a sale without the presence on the record of the administrator of the deceased. The debt of Mrs. Allen is entitled to priority over the legacies, not by virtue of the mortgage, but only so far as she can maintain the *status* of a creditor of the deceased or the assignee in equity of some claim enforcible against his estate. Though it is quite apparent that the parties on both sides have misconceived their rights, it may be desirable to save as much of what has been done as possible consistent with their interests.

The judgment should be modified by providing for a sale of the real estate for the payment of the legacies, subject to the rights of creditors of the deceased and of persons who equitably represent creditors, to be paid out of the fund before the legatees, but only after the debts have been duly established in the Surrogate's Court and such proceedings had as will authorize proceedings for the sale of real estate for the payment of the debts of the testator. The sale and execution of the judgment to be stayed until such proceedings are had, without costs to either party. The order, unless agreed upon by the parties, to be settled by a judge of this court.

All concur.

Judgment accordingly.