JOUFFRET v. LOPPIN et al.

(Supreme Court, Appellate Division, First Department. August 4, 1897.)

1. WILLS—LEGACIES—CHARGES ON REALTY.
   Lands acquired after the execution of a will are not chargeable with the payment of legacies, where the will shows no intention of the testator that they should be so charged.
2. SAME—INTENTION OF TESTATOR.
   A testator directing the payment of certain legacies from the sale of certain real estate will be deemed to have intended that subsequently acquired real estate should be charged with the payment of debts, rather than that directed to be sold, if it, together with the personalty, should be insufficient to pay the debts and legacies.
3. PARTITION—DECREE—JURISDICTION.
   In a partition suit by heirs and legatees, the decree should not provide for the payment of the claims of testator's creditors from the proceeds of sale, though the executors admit the claims are valid, as such matters should be determined in the surrogate's court.

Appeal from special term, New York county.

Action by Heloise A. Jouffret against Albert J. Loppin, individually and as executor, and others. Defendants Jeannette, Irene, and Edward Loppin, by guardian ad litem, appeal from so much of a judgment in partition as adjudges that their share is charged with certain debts and legacies of the testator. Modified.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and PARKER, JJ.

Paul N. Turner, for appellants.
George Putnam Smith and H. A. Vieu, for respondent.

PARKER, J. This action was brought to partition certain lands as to which Alexander Loppin died intestate. He left a last will and testament, which was executed some time before he acquired the property which is the subject of this controversy, by which, among other things, he gave to each of his three children the sum of $10,000, and directed that after a year the house in which he lived, and which was the only real estate then owned by him, should be sold at public auction, "and, after paying the sum as before said, the balance to be divided into five equal parts between the survivors or their issue, the said Aimee Bell, Heloise Loppin, Albert Loppin, Alice Loppin, issue of Alexander Loppin." The house has been sold by the executors in obedience to the mandate of the will, the sum realized therefrom being about $20,000. As this sum is inadequate to pay more than about two-thirds of the legacies, the legatees, in this action, claim the right

to have the proceeds of the real estate in question applied towards the payment of their legacies, after the payment of the costs of the action and the debts of the intestate.    The judgment so provides, but it cannot be sustained.    The personalty is the primary fund for the payment of legacies.    If the proceeds thereof, after taking therefrom the expenses of administration and the sum necessary to pay the debts of a deceased, prove insufficient to pay the legacies in full, then the legacies must be paid proportionately, unless it appears upon the face of the will, or from the will, read in connection with the surrounding circumstances, that it was the intention of the testator that the payment of the legacies should be charged upon the whole or some part of his real estate.    The intestate intended that the house in which he lived, and the only house which he owned at the time of the execution of the will, should be used in payment of the legacies.    He ordered his executors to sell it, and to apply the proceeds to that purpose so far as the same should be needed.    But, as to the real estate now in controversy, there is no indication in the will of an intention to have the payment of the legacies made a charge upon it.    Indeed, he did not own it at that time, nor does it appear that he then contemplated owning it or any other real estate.    There is no foundation, therefore, for that portion of the decree which adjudges the legacies to be a charge upon the premises, and it should be modified accordingly.

The appellants also insist that the proceeds resulting from the sale of the house, out of which the testator directed the legacies to be paid, are chargeable in the first instance with the payment of the testator's debts.    But we agree with the conclusion reached by the trial court, that it was the intention of the testator to appropriate the proceeds of the house and lot mentioned in the will to the payment of the legacies, and, if at the time of his death the personalty was insufficient for that purpose, then such other real estate as the testator had should, in the first instance, be appropriated to the payment of his indebtedness.

The decree further provides that, after the payment of the costs, referee's fees, expenses of sale, taxes, assessments, water rates, insurance, liens established before the death of the said decedent, and the debts hereinbefore referred to, the rest of the money should be deposited with the city chamberlain to the credit of the parties entitled thereto, to await the further order in the premises, for the reason that the action has been brought before three years have elapsed after granting letters of administration upon the estate of said decedent, Alexander Loppin.    In so far as this provision of the decree authorizes the payment of the claims which the decree assumes have been duly presented to the executors and proved, it was error.

This question was passed upon by the court of appeals in Hogan v. Kavanaugh, 138 N. Y. 417, 34 N. E. 292.    That was an action in equity, brought to have certain legacies declared a charge upon land, and in which it was made to appear that the personalty was insufficient to pay the creditors.    The judgment rendered by the trial court adjudged the legacies to be a charge upon land, provided for its sale, and directed that the proceeds thereof be applied—First, to the pay-

ment of the debts of the testator; and, second, to the payment of legacies. The court of appeals modified the judgment so as to provide for the sale of real estate for the payment of legacies, subject to the right of creditors to be first paid out of the fund after, but only after, the debts had been duly established in surrogates' courts, and such proceedings had as would authorize the sale of real estate for the payment of debts. The court said:

"But the right of the creditor to resort to the real estate of his deceased debtor did not exist at common law, nor was collection of debts from real estate ever regarded as part of the jurisdiction of equity. That right was conferred by statute, and it must be asserted and proved in the manner that the statute prescribes. * * * It is sufficient to say that a court of equity is not the tribunal appointed to administer on the estates of deceased persons; and that part of the judgment in this action which voluntarily provides for the sale of real estate of the testator for payment of debts cannot be sanctioned without encouraging irregularities and perhaps abuses of the gravest kind, and which in the end might seriously affect the rights of parties interested in the estates of deceased persons. There can be no hardship in requiring creditors or their assignees to proceed in the regular way to appropriate real estate to the payment of debts. The statutory procedure is plain in itself, and obscure or doubtful questions have been solved by the decision of the court."

The claims of the creditors of the testator have been admitted by the executors to be valid claims against the estate, but that fact does not warrant their payment from the proceeds of his real estate. Under the statute, it is necessary that the creditors should establish their claims by competent evidence before a proper tribunal before there can be appropriated to their payment any part of the proceeds of a decedent's real estate; and that tribunal the statute declares to be the surrogate's court.

The twenty-seventh paragraph of the decree should be modified as follows:

Twenty-Seventh. That as this action has been brought before three years have elapsed from the granting of letters testamentary upon the estate of said decedent. Alexander Loppin, otherwise known as Alexander G. Loppin, from whom plaintiff derives her title, the final judgment to direct that the proceeds of the sale remaining after providing for the payment of the costs, referee's fees, expenses of sale, taxes, assessments, water rates, insurance, liens established before the death of the said decedent, be forthwith paid into the surrogate's court by the referee making such sale, pursuant to sections 2798 and 2799 of the Code of Civil Procedure, by depositing the same with the city chamberlain of the city of New York.

As thus modified, the judgment should be affirmed, with costs to these appellants payable out of the fund. All concur.