(33 Misc. Rep. 437.)

### LETSON v. EVANS et al.

(Supreme Court, Special Term, Oneida County. December, 1900.)

1. CAUSES OF ACTION—JOINDER—PARTITION—ACTION TO SELL REALTY.
    Code, § 484, subd. 9, provides that causes of action on claims which arise out of the same transaction or connected with the same subject of action may be united in the same complaint. Held, that a cause of action which sought partition of testator's real estate cannot be united with a cause of action to establish a debt against the estate.

2. SALE OF DECEDENT'S REALTY—SUPREME COURT—JURISDICTION.
    An action to establish a debt against an estate, and to secure a sale of testator's real property in payment thereof, cannot be maintained in the supreme court.

3. PARTITION—NECESSARY PARTIES.
    Where testator's widow had a life estate in his real property, she was a necessary party to an action to partition it.

Action by Mary M. Letson against Alsanford Evans and others, as executors of Charles Adams, deceased. Demurrer to complaint sustained.

E. O. Worden, for demurrer.
M. N. Willson, opposed.

HISCOCK, J. The demurrer is sustained upon various grounds:
1. Plaintiff has united .in her complaint two purported causes of action which cannot be united. The attempted union could only be claimed to be permissible under Code, § 484, subd. 9, which provides that causes of action may be united in the same complaint brought to recover upon claims arising out of the same transaction or transactions, or connected with the same subject of action. That is not this case. One cause of action is based upon a will which makes the plaintiff and certain of the defendants tenants in common, and seeks as its object a partition of the real estate. The second cause of action has for its subject the establishment of a debt against the testator's estate, and, as incidental thereto, a sale of his real estate for the payment thereof. They are two entirely different subjects of action.

2. This court is not the proper tribunal in which plaintiff should seek the relief attempted to be secured by her second cause of action upon the facts appearing. Hogan v. Kavanaugh, 138 N. Y. 417, 34 N. E. 292.

3. Apparently, testator left a widow, who has a life estate in the real estate of which partition is sought. Rum. Prac. 383, and cases there cited. If so, she is a necessary party. Code, § 1538. The demurrer is therefore sustained, with costs to be taxed as in a regular action.

Demurrer sustained, with costs.