In the Matter of the Application of JAMES A. RICHMOND et al., as Executors of ALVIN RICHMOND, Deceased, Respondents, for the Mortgage, Lease or Sale of the Real Property of SETH M. RICHMOND, Deceased.

THE LITTLE FALLS NATIONAL BANK, Appellant.

SURROGATES' COURTS — SALE OF INSOLVENT TESTATOR'S REAL PROPERTY FOR PAYMENT OF DEBTS — CODE OF CIV. PRO. § 2749. Section 2749 of the Code of Civil Procedure, authorizing a sale of decedent's real property for the payment of debts "except when it is devised expressly charged with the payment of debts," does not limit the power of the Surrogate's Court to order the sale in behalf of creditors whose claims have not been specifically charged by devise upon the whole or any part of an insolvent testator's real estate, since the latter cannot by devising real property charged with the payment of a specified debt deprive general creditors of their right to have it sold and distributed among them after the personal estate has been exhausted.

*Matter of Richmond,* 62 App. Div. 624, affirmed.

(Argued October 2, 1901; decided November 12, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, made June 19, 1901, affirming a decree of the Surrogate's Court of Herkimer county directing a sale of the real property of Seth M. Richmond, deceased, for the payment of his debts.

The facts, so far as material, are stated in the opinion.

*Fred I. Small* for appellant. The proceeding to dispose of a decedent's real property for the payment of debts is purely statutory, authorized and controlled by sections 2749–2801 of

25

the Code of Civil Procedure, and that statutory proceeding must be strictly pursued. (*Platt* v. *Platt*, 105 N. Y. 497; *Long* v. *Long*, 142 N. Y. 545; *Hogan* v. *Kavanaugh*, 138 N. Y. 422; *Matter of Gantert*, 136 N. Y. 112; *Tompkins* v. *Hunter*, 149 N. Y. 123; *Shotwell* v. *Dixon*, 163 N. Y. 48.) The devisee by accepting the devise takes the fee and becomes personally liable for the debts charged. (*Smith* v. *Wyckoff*, 11 Paige, 57; *Glen* v. *Fisher*, 6 Johns. Ch. 33; *Jackson* v. *Martin*, 18 Johns. 31; *Spraker* v. *Van Alstyne*, 18 Wend. 200; *Barheydt* v. *Barheydt*, 20 Wend. 576; *Chamberlain* v. *Chamberlain*, 43 N. Y. 442; *Brown* v. *Knapp*, 79 N. Y. 143; *Wood* v. *Vandenburgh*, 6 Paige, 286; *Clift* v. *Moses*, 116 N. Y. 153.) The surrogate's findings are unsupported by the evidence. (*Smith* v. *Moulson*, 88 Hun, 147; *Healy* v. *Clark*, 120 N. Y. 642.)

*Myron G. Bronner* for respondents. The exceptions taken by the appellant are insufficient to present the questions raised on this appeal. (*Hunter* v. *Manh. Ry. Co.*, 141 N. Y. 286; *Daniels* v. *Smith*, 130 N. Y. 696; *Matter of Spratt*, 4 App. Div. 1.) The testator had no power, being insolvent, to charge the mill debts on the mill property to the detriment of the general creditors, whose debts were not charged. (*Platt* v. *Platt*, 105 N. Y. 497; *Hyde* v. *Tanner*, 1 Barb. 75; 23 Am. & Eng. Ency. of Law [1st ed.], 306; *Matter of N. Y. & B. Bridge*, 72 N. Y. 527; *Hogan* v. *Kavanaugh*, 138 N. Y. 422; *Matter of Gantert*, 136 N. Y. 106; Jessup's Sur. Pr. § 17; Redf. on Sur. Pr. [3d ed.] 549; 2 Williams on Executors, 900; *Moore* v. *Byers*, 65 N. C. 240; *Deering* v. *Kerfoot*, 89 Va. 491; *Duncan* v. *Grainey*, 108 Ind. 579; *Tompkins* v. *Weeks*, 26 Cal. 50; *Jenkins* v. *Jenkins*, 63 Ind. 120.) The findings of the surrogate were proper. (*L. F. Nat. Bank* v. *King*, 53 App. Div. 541.)

HAIGHT, J. Seth M. Richmond died, insolvent, on the 27th day of April, 1895, leaving a last will and testament which has been duly admitted to probate as a will of real and per-

sonal property. James A. Richmond and Anne Richmond, executor and executrix of Alvin Richmond, deceased, as creditors of Seth M. Richmond, petitioned the Surrogate's Court of Herkimer county for the sale of the real estate of which Seth M. Richmond died seized for the purpose of the payment of their debts. The decedent was also owing the Little Falls National Bank for money loaned in his lifetime and used in the business of the Saxony Knitting Company to the amount of $35,000. The bank appeared in this proceeding and interposed an answer setting up a provision of the will of Seth M. Richmond and demanding that the real estate known as the Saxony Knitting Mill be excepted from any decree of sale which might be made in the proceedings. The provision of the will referred to devises and bequeaths the knitting mill property to Charles King, a son-in-law of the testator, but subject to the following provision : " This devise and bequest, however, is upon the condition that all the debts and obligations of every name and nature owing by the said Saxony Knitting Company and which has been contracted by or on account of that branch of my business is assumed and paid by said Charles King, and I hereby impress a trust and lien upon my said real and personal property hereby devised and given to said Charles King for the payment of such debts and obligations and make such payments of those debts a lien thereon." King was appointed sole executor of the estate. Upon the death of the testator he took possession of all of the property of the estate, and carried on the mill business under the same name of the Saxony Knitting Company. He subsequently failed and became insolvent, and failed to pay the claim of the Little Falls National Bank or the other creditors of the estate.

The jurisdiction of the Surrogate's Court in proceedings to dispose of the real property of a decedent for the payment of his debts is prescribed by the provisions of the Code of Civil Procedure (§§ 2749–2801). These provisions take the place of the common law, and the question involved depends upon the determination as to what is their import and meaning. To

our minds the legislative intent appears to be clear. In the transmission of the property of a deceased debtor to his heirs at law or next of kin, or to his devisees or legatees, it becomes charged with his debts, and it may be appropriated in payment thereof in the manner provided by the Code. These provisions carefully prescribe the order of the payment of the debts, including funeral expenses and judgments docketed against the decedent in his lifetime, and prohibit preferences over others of the same class. The rights of creditors thus provided for attach to the real estate of the decedent immediately upon his death, and continue during the period of three years after the issuing of letters testamentary or of administration upon his estate. These rights which so attach are superior to those acquired by any devisee or legatee under the will. A solvent testator may, undoubtedly, make certain debts a charge upon a parcel of his real estate. He may devise a part of his real estate to a particular person upon condition that he pay the whole or a specified portion of his indebtedness; but an insolvent testator cannot prefer one creditor over another in such a way as to deprive the general creditors of their right to have his real estate sold and distributed among them, after the personal estate has been exhausted. (Redf. Sur. [5th ed.] 554; Jessup's Sur. Pr. 956; *Rice* v. *Harbeson*, 63 N. Y. 493; *Hogan* v. *Kavanaugh*, 138 N. Y. 417; *Rosseau* v. *Bleau*, 131 N. Y. 177, 182; *Platt* v. *Platt*, 105 N. Y. 488.)

Section 2749 of the Code of Civil Procedure authorizes a sale of the real property of a decedent for the payment of his debts and funeral expenses or for the payment of judgment liens existing thereon at his death, " except where it is devised, expressly charged with the payment of debts or funeral expenses, or is exempted from levy and sale by virtue of an execution, as prescribed in title second of chapter thirteen of this act." It is contended on the part of the appellant that this provision operates as a limitation upon the power of the surrogate to sell the real property of the decedent, and that, the mill property having been devised by the decedent charged

with the payment of the debts contracted on account of the mill, the appellant's claim is brought within this exception and that the bank has the right to have the mill property reserved for the payment of its claim and not sold for the benefit of the general creditors. We cannot adopt this construction. In this case the devise of the mill property was subject to the payment of certain specified debts and not all of the debts of the testator. The debts or funeral expenses referred to in the provision undoubtedly mean all of the debts of the testator and not a part thereof. A testator may provide for the payment of all of his debts and funeral expenses. He may make the same a charge upon his real estate and give to his executor a power of sale for that purpose. He may devise his real estate upon condition that his debts be paid, and if his devisee accepts the bequest he becomes liable therefor. If provision be made by will for the payment of debts such provision should be followed instead of the statute. That this is the meaning of the provision is evident from an examination of section 2759, subdivision 4, which, among other things, provides that the decree for a sale can only be made when the property " was not effectually devised, expressly charged with the payment of debts or funeral expenses, and is not subject to a valid power of sale for the payment thereof; or, if so devised or subject, that it is not practicable to enforce the charge, or to execute the power, and that the creditor has effectually relinquished the same," manifestly intending that if a testator has devised his property upon condition that his debts be paid, they should be paid as the will directs, but this requirement is not absolute; for, if the power of sale is void or payment as directed is impracticable, resort may still be had to proceedings before the surrogate under the statute. Applying these provisions to the case under consideration, the appellant, having its claim expressly charged upon a specified parcel of real estate by the testator's will, could not apply to the Surrogate's Court for a sale, but would be left to its remedy under the will unless it could show that the power of sale was not valid or that it was not practi-

cable to execute the power, etc.   But we do not understand that these provisions have any application to the petitioning creditors whose claims have not been specifically charged by the devise upon the whole or any part of the testator's real estate.

The order should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, MARTIN, VANN and LANDON, JJ., concur.

Order affirmed.