(79 App. Div. 508.)

### HALLOCK v. HALLOCK et al.

(Supreme Court, Appellate Division, Fourth Department. January 6, 1903.)

1. WILLS—CONSTRUCTION—ACTION TO ENFORCE—COMPLAINT.

> A complaint alleged that H. died, leaving a will, which directed that after payment of his debts, and on his widow's death her debts and funeral expenses, etc., should be paid from his estate, and charged his real and personal property therewith; that the widow died testate, administratrix, with the will annexed of her husband, and had property of that estate unadministered, when plaintiff and defendant were appointed administrators with the will annexed of the husband's estate; that the widow died indebted to plaintiff and others in various amounts, some of which were stated, including funeral expenses, and that the widow's estate and the personal estate of the husband were together insufficient to pay the widow's debts; that the husband's real estate had been attempted to be conveyed by defendant by a forged deed; and prayed that a trust be declared on all such real property described in favor of the widow's creditors, and that their claims be declared liens thereon, that the real estate be sold, and the proceeds applied to the payment of the debts of both estates. Held to state a good cause of action to charge the debts owing by the widow at her death and funeral expenses on the husband's real estate, and, as incidental thereto, for the construction of the will.

2. SAME—CONSTRUCTION OF WILL—SUPREME COURT—JURISDICTION.

> Where it was contended that under the husband's will the widow's estate should be first applied to the payment of her debts before resort

to his property, which plaintiff denied, there was a dispute as to the meaning of the will,—authorizing the supreme court to take jurisdiction.

3. SAME—LEGACIES.
The provision in the will of a husband that on the death of his widow her debts, etc., should be paid from his estate, and charging his real and personal estate therewith, was in the nature of a legacy, which plaintiff, in his capacity of a creditor and as executor of the widow's estate, was entitled to enforce.

4. SAME—DEBTS OF HUSBAND—PRIORITY OF PAYMENT.
Under the will the debts of the husband were entitled to priority.

5. SAME—DEBTS OF WIFE—EXHAUSTION OF WIFE'S ESTATE.
Payment of the widow's debts, etc., could be enforced from the husband's estate, without regard to whether the widow left property applicable thereto.

6. SAME—ESTABLISHMENT OF CLAIMS—ACTIONS.
The widow's debts could be established in an action by her executor in the supreme court to construe the husband's will and to enforce the provision making his estate liable therefor.

Appeal from trial term, Onondaga county.

Action by John J. Hallock, individually and as administrator of the estate of the widow of Benjamin Hallock, deceased, against Horace H. Hallock individually and as administrator of the estate of Benjamin Hallock, deceased, and others. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Jones & Young, for appellant.

Gill & Stillwell, Johnson & Todd, and Basil B. Aylesworth, for respondents.

WILLIAMS, J. The judgment should be reversed, and a new trial granted, with costs to appellant to abide event.

The complaint was dismissed because it did not state facts sufficient to constitute a cause of action, in that it failed to show that the personal estate of Benjamin or that of Harriet Hallock had been applied to the payment of the debts or claims set forth in the complaint; or that any of said debts or claims had been presented to the representatives of either of the said estates; or that any personal judgment had been recovered against the persons or their representatives, who are alleged, as devisees, to have alienated the land described in the complaint; or that more than three years had elapsed since administration was granted upon the estate of Samuel or of Harriet Hallock; or that any accounting had been had, or any proceedings in the matter of either estate, to lay the foundation by creditors or claimants of the decedent to take his devised real estate. The complaint alleged the death of Benjamin Hallock December 24, 1884, leaving a will, which was admitted to probate January 22, 1885, and that his widow was appointed administratrix with the will annexed; that the will, after payment of his debts, gave his widow all his property during her life, and empowered her to use and sell all

¶ 4. See Executors and Administrators, vol. 22, Cent. Dig. § 1150.

or any of his personal property for the support of herself and his infant son Samuel, and directed that upon the death of the widow the debts then owing by her, her funeral expenses, and costs of tomb stones for her grave be paid from his estate, and charged his real and personal estate with the payment of the same, gave his daughter Hattie R. $500, and charged it as a lien upon his real estate, and gave the balance of his property to his said son Samuel; that he left at his death, besides his wife, and son Samuel, and daughter Hattie R., several other children, named in the complaint, and among them the plaintiff; that his daughter Hattie R. has since died, leaving no husband or children; that his son has since died, leaving a wife and child, and Horace H. Hallock was appointed administrator of his estate; that the widow died May 12, 1898, leaving a will, admitted to probate March 29, 1899, and plaintiff was appointed executor thereof; that she was at her death still administratrix with the will annexed of her husband, and had property of that estate unadministered; that February 8, 1901, the plaintiff and Horace H. Hallock were appointed administrators with will annexed of the husband's estate; that such estate consisted of real and personal property; that when the widow died she was indebted to plaintiff and others in amounts some of which were stated in the complaint and others unknown, and there were also her funeral expenses; that the estate of the widow and the personal estate of the husband were together insufficient to pay the debts of the widow; that the husband left real estate, which was described in the complaint; that after the husband's death, and February 13, 1889, an instrument in writing was recorded in the clerk's office, dated February 11, 1889, purporting to be a deed by the widow and the son Samuel to Horace H. Hallock, conveying premises described; that the same was not executed by the widow, but was a forgery; that July 17, 1895, Horace H. deeded this property to his wife, and the deed was recorded the same day, and that November 8, 1899, Horace H. and wife mortgaged this property to Nutting for $600, and the mortgage was recorded; that the widow and son Samuel and Horace H. and his wife were not owners of the property when deeds and mortgage were given, and same were void; that plaintiff requested Horace H., as administrator with will annexed of the husband, to join with plaintiff in this action, and he refused; and that the real and personal property of the husband and widow's estates were together insufficient to pay the debts of both estates. All the parties interested were made defendants, and upon the facts alleged judgment was demanded that the deeds and mortgage described be set aside and canceled of record; that a trust be imposed upon all the real property described in favor of the creditors of the widow, and their debts declared to be liens thereon; that an accounting be had as to the debts of the husband and widow; that the real estate be sold, and the proceeds applied to the payment of the debts of both estates; that a receiver be appointed, and such other relief as just be granted. For the purpose of this appeal all these facts must be deemed established, and then, if the plaintiff was entitled to any relief, the complaint was improperly dismissed.

The complaint states a good cause of action to charge the debts owing by the widow at her death and her funeral expenses upon the real and personal estate of her husband, and, as incidental thereto, for a construction of his will. It cannot be said that there is no dispute as to the meaning of the will, because the defendants claim that the widow's estate must be first applied to the payment of her debts and funeral expenses before resort can be had to the property of the husband, which the plaintiff disputes. Very likely this relief can only be had by action in the supreme court, the surrogate's court not having jurisdiction to grant the relief. At all events, it is quite certain that the supreme court has such jurisdiction. The provision of the husband's will for the payment of the debts and funeral expenses of his widow was in the nature of a legacy, and not like a provision for the payment of his own debts, and the plaintiff personally and in his character of representative of the widow's estate is in a position to maintain this action to establish a charge of her debts and funeral expenses upon the husband's real and personal property. Hogan v. Kavanaugh, 138 N. Y. 417, 34 N. E. 292. In that case it was distinctly held that "an action in equity is maintainable to have a legacy declared to be a charge upon land." In that case there had been no administration of the estate. No executors had been appointed at all. It was held that such action was not a suitable and appropriate proceeding for ascertaining who were creditors, and the amount of their claims, or to close up the estate without administration, or a resort to the procedure prescribed by statute for the proof of debts and payment thereof from the personalty, or, if insufficient, the sale of the realty for that purpose. The judgment was, therefore, modified by allowing the part thereof which declared the legacies a charge upon the land to stand, and directing that the sale of the land for such legacies be subject to the rights of the creditors to be first paid out of the fund, but only after such debts had been duly established in surrogate's court, and such proceedings had as would authorize proceedings for the sale of real estate for payments of debts, and until such proceedings were had the sale of the real estate be stayed. It will be observed that the charge of the legacies was there made upon lands only. Here the charge is upon lands and personal property also. Such charge would be subject to the payment of the debts of the husband to be first made. It does not appear that the creditors of the husband's estate or the amount of their claims have been ascertained in surrogate's court, and from the allegations in the complaint we may assume that proceedings for that purpose have not been had. The husband died 18 years ago, and the widow was appointed executrix soon after, and acted as such until her death, a period of 14 years. It is hardly probable under these circumstances that any debts of the husband's estate remain unpaid; but such debts, if any are established, would be entitled to payment prior to the application of the personal or real property to the payment of the debts of the widow existing at her death. There is no reason, however, why the debts and funeral expenses of the wife should not be established in this action. They are not debts against the estate of the husband, and they are not required to be

proved against the estate of the wife in order to be entitled to payment under the will of the husband. That will provides for the payment of the debts and funeral expenses of the wife, without reference to whether there is property of the wife's estate applicable to their payment or not. It is only necessary that they should be shown to be debts owing by the wife when she died and her funeral expenses in order to make them a charge upon the real and personal estate of the husband. There is no necessity that the real or personal estate of the wife should be exhausted before the real and personal estate of the husband is appropriated for this purpose. There seems to be a good reason why the plaintiff should be allowed, as early as possible, to follow and recover the real and personal estate of the husband. Some of it has been disposed of, or attempted to be, by reason of a forged deed, and liens attempted to be created thereon, and the court should retain this action for the purpose of affording such relief as is proper herein; and if it is necessary thereafter, before disposing of such property or the proceeds of the sale thereof, to take proceedings in surrogate's court to ascertain what creditors there are of the husband's estate, and the amount thereof, a stay may be granted for that purpose, the same as was done in the Hogan-Kavanaugh Case, above.

These suggestions lead to the conclusion that the judgment dismissing the complaint herein was improperly ordered, and that the same should be reversed, and a new trial granted, with costs to the appellant to abide event. All concur.